

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-15-2006

# USA v. Williams

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4215

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Williams" (2006). *2006 Decisions*. Paper 1425.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1425

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 04-4215

———

UNITED STATES OF AMERICA,

v.

MARCUS WILLIAMS,
a/k/a
JAMAR MOFIELD
a/k/a
MARCUS ROLLERSON,

Marcus Williams,
a/k/a Marcus Rollerson,
                                          Appellant

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 02-cr-00172-37)
District Judge: Honorable Stewart Dalzell

———

Submitted Under Third Circuit LAR 34.1(a)
March 2, 2006

Before: SLOVITER and FUENTES, Circuit Judges, and RESTANI,[*] Judge.

———

[*]Honorable Jane A. Restani, Chief Judge of the United States Court of
International Trade, sitting by designation.

1

_____

OPINION OF THE COURT

_____

FUENTES, Circuit Judge.

Marcus Williams, a/k/a Marcus Rollerson[1] ("Rollerson") appeals his conviction arising from a multi-defendant narcotics conspiracy case. Rollerson argues that he was deprived of his due process right to a fair trial as a result of the Government's presentation of false testimony by two alleged co-conspirators. For the reasons stated below, we will affirm Rollerson's conviction.

## I. Background

As we write solely for the parties, our recitation of the facts will be limited to those necessary to our determination. On December 8, 2001, Rollerson was arrested on the second floor of a narcotics stash house located at 636 North Brooklyn Street in Philadelphia. Police found more than 145 grams of crack cocaine, 20 grams of cocaine, numerous items used to manufacture and package crack cocaine, five loaded firearms, numerous cellular telephones and two-way radios, and more than $4,000 in small denominations of cash throughout the house and on the persons of Rollerson and a second

_____

[1]Appellant was identified in the indictment as Marcus Williams, a/k/a Jamar Mofiield, a/k/a Marcus Rollerson. At trial, defense counsel informed the District Court that the Appellant's real name is Marcus Rollerson and that is how he was identified throughout the trial.

individual found in the house.

On October 24, 2002, Rollerson, along with 36 co-defendants, was indicted for participating in a massive cocaine and crack conspiracy that lasted from 1997 to 2002 and spanned Philadelphia, western Pennsylvania, Delaware, and other locations. Rollerson was charged with: conspiracy to distribute cocaine and crack cocaine, in violation of 18 U.S.C. § 846; possession with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a) and (b)(1)(A); possession with intent to distribute crack cocaine within 1,000 feet of a school, in violation of 21 U.S.C. § 860(a); possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c); and felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Prior to trial, the Government dismissed two of the counts: possession with intent to distribute crack cocaine within 1,000 feet of a school, and felon in possession of a firearm.

At trial, the evidence presented by the Government included the testimony of Courtney Carter and Tracey Teagle, who testified to their drug dealing activities in general and their observations of Rollerson at or near the narcotics stash house located at 636 North Brooklyn Street. The Government stipulated at trial that Rollerson was in jail during 1999, 2000, and the first eight months of 2001. However, in the course of testifying that Rollerson was one of co-defendant Malik Williams's "boys" at or near the North Brooklyn Street stash house (Carter) and was dealing narcotics near the stash house (Teagle), both Carter and Teagle at times made statements implying that they saw

3

Rollerson in 2000. Nonetheless, when pressed by counsel to pinpoint precisely when they encountered Rollerson at or near the stash house, Carter and Teagle repeatedly stated that they were unsure of when they observed him.

At the close of the Government's case, Rollerson moved for a directed verdict of acquittal under Rule 29 of the Federal Rules of Criminal Procedure, arguing that the evidence was insufficient to support his conviction. Rollerson attacked the testimony of Carter and Teagle, but did not raise a due process claim. The District Court denied the motion. The jury subsequently convicted Rollerson of the three remaining counts against him: conspiracy to distribute cocaine and crack cocaine, possession with intent to distribute crack cocaine, and possession of a firearm in furtherance of drug trafficking.

The District Court sentenced Rollerson to a total of 300 months' imprisonment. He received 240 months as to both the conspiracy and possession with intent to distribute counts, to run concurrently, and 60 months as to the possession of a firearm in furtherance of drug trafficking count, to run consecutively.

## II. Discussion

Rollerson appeals only his conviction, arguing that two of the Government's witnesses testified falsely that Rollerson was at or near a narcotics stash house and dealing narcotics in the vicinity of that stash house during 2000, which is when Rollerson was incarcerated on unrelated charges. Rollerson thus claims that he was deprived of his due process right to a fair trial as a result of the Government's presentation of false

4

testimony.

At the outset, we note that Rollerson did not raise his due process argument in the District Court. Rollerson's Rule 29 motion for acquittal was based on his claim that the Government failed to present sufficient evidence to sustain a conviction. In particular, Rollerson's motion did not allege that the witnesses perjured themselves, or that the Government knowingly introduced false testimony, which are the essential elements of the due process claim he makes on appeal. Accordingly, because Rollerson did not raise the due process argument below as a grounds for acquittal, the plain error standard governs his request for relief.

Under plain error review, "before an appellate court can correct an error not raised at trial, there must be (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Johnson v. United States, 520 U.S. 461, 466-67 (1997) (internal quotation marks and citations omitted); see also United States v. Vazquez, 271 F.3d 93, 99 (3d Cir. 2001) (en banc). The "plain-error exception to the contemporaneous-objection rule is to be 'used sparingly, solely in those circumstances in which a miscarriage of justice would otherwise result.'" United States v. Young, 470 U.S. 1, 15 (1985) (quoting United States v. Frady, 456 U.S. 152, 163 n.14 (1982)). It is Rollerson's burden to establish plain error. United States v. Olano, 507 U.S. 734-35

(1993).

Rollerson's due process claim cannot succeed under plain error review. The Government stipulated to the fact of Rollerson's incarceration, which contradicted any suggestion by Carter and Teagle that Rollerson was at or near the narcotics stash house in 2000, and defense counsel fully exploited this fact on cross-examination of the Government witnesses. Thus, the witnesses' statements concerning when they claimed to have seen Rollerson were part of the disputed facts that were submitted to the jury as the finder of fact. The jury was entitled to consider the testimony of Carter and Teagle, as well as the other evidence presented by the Government, and determine for itself the credibility and weight of their testimony that they observed Rollerson engaged in activities consistent with a narcotics conspiracy. Accordingly, Rollerson has not established that the District Court erred by not finding a due process violation based on the testimony of Carter and Teagle.

### III. Conclusion

For the reasons stated above, we will affirm Rollerson's conviction.

———

.

/s/ Julio M. Fuentes
Circuit Judge